**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEAL L. BERGER | ) Case No. **18-32119-HCD-13** |
| | ) |
| Debtor. | ) |

**RESPONSE IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS AND
REQUEST FOR BAR TO REFILING**

Farm Credit Mid-America, FLCA f/k/a Farm Credit Services of Mid-America, FLCA ("**Farm Credit**"), by counsel, a secured creditor of the above-named Debtor, Michael L. Berger ("**Debtor**"), for its response in support of the *Trustee's Motion to Dismiss* (the "**Motion to Dismiss**") and its request for a bar to re-filing of One Hundred Eighty (180) days, states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(B)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 & 1409

**Procedural History and Background**

4. Debtor commenced this proceeding by filing a voluntary petition for bankruptcy protection under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on November 23, 2018 (the "**Petition Date**").

5. Farm Credit is a creditor of Debtor by virtue of a Promissory Note/Loan Agreement (the "**Note**") executed and delivered by the Debtor, and Michelle A. Payne f/k/a Michelle A. Berger ("**Borrower**"), dated August 18, 2000, in the original principal

amount of One Hundred Thirty-Eight Thousand Five Hundred Fifty Dollars and Zero Cents ($138,550.00).  A true, accurate, and authentic copy of the Note is attached hereto as **Exhibit 1**.

6. The obligations under the Note are secured by an Indiana Mortgage (the "**Mortgage**"), which granted Farm Credit a lien against the real estate commonly known as 408 King Road, Bremen, IN 46506 and further described as follows:

> Commencing at the Southwest Corner of the Northeast Quarter of Section 23, Township 35, North, Range 2 East, North Township, Marshall County, Indiana; thence due North (assumed bearing) on the West line of the Northeast Quarter of said Section 23, a distance of 295.32 feet to the point of beginning; thence continuing due North on said West line 443.00 feet to a PK nail; thence South 89 degrees 39'25" East, parallel with the South line of the Northeast Quarter of said Section 23, a distance of 295.00 feet to a 5/8" capped rebar; thence due South, parallel with the West line of the Northeast Quarter of said Section 23, a distance of 443.00 feet; thence North 89°39'25" West, parallel with said South line, a distance of 295.00 feet to the point of beginning.

(the "**Real Estate**").  A true, accurate, and authentic copy of the Mortgage is attached hereto as **Exhibit 2**.

7. The Mortgage was recorded August 23, 2000, as Instrument No. 200005901, in the Office of the Recorder of Marshall County, Indiana.

8. On various dates, Debtor and Borrower executed and delivered certain Interest Rate and Conversion Agreements (the "**Conversion Agreements**"). True, accurate, and authentic copies of each of the Conversion Agreements are attached hereto as **Exhibit 3**.

9. Prior to the Petition Date, Farm Credit initiated a foreclosure proceeding in Marshall Circuit Court under Cause No. 50C01-1803-MF-000024.

10. On August 23, 2018, the Marshall Circuit Court entered an *Entry of Judgment and Decree of Foreclosure* in Cause No. (the "**Judgment**" collectively with the Note, Mortgage, and Conversion Agreements, the "**Loan Documents**"). A true, accurate, and authentic copy of the Judgment is attached hereto as **Exhibit 4**.

11. As permitted under the Judgment, a sheriff's sale was set to sell the Real Estate on November 27, 2018.

12. As of the Petition Date, Debtors are indebted to Farm Credit in an amount not less than Ninety Thousand Eight Hundred Twenty-Seven Dollars and Thirty-Six Cents ($90,827.36) as follows:

| | |
|---|---:|
| Principal Judgment Amount | $79,552.67 |
| Attorneys' Fees included in Judgment | 6,407.96 |
| Post Judgment Prepetition Fees | 0.00 |
| Pre-Judgment Interest | 976.50 |
| Post-Judgment Interest | 998.20 |
| Escrow Deficiency for Funds Advanced | 0.00 |
| Projected Escrow Shortage | 0.00 |
| Late Charges | 722.46 |
| Appraisal Fee | 450.00 |
| Post Judgment Taxes | 679.57 |
| Sale/Publication Costs | 380.00 |
| Sale Cancelation Costs | 10.00 |
| Bankruptcy Plan Review/POC Prep[1] | 650.00 |
| **Total** | **$90,827.36** |

Interest continues to accrue at the contract rate of $10.85 *per diem* after November 23, 2018, and Debtor is liable for said accruing interest together with any expenses including, among other things, expenses abstracts, insurance premiums, taxes, reasonable attorneys' fees, and costs, and other expenses to which Farm Credit may be

---

[1] The amount of attorneys' fees included for Bankruptcy Plan Review and Proof of Claim preparation are based on the Allowable Bankruptcy Attorney Fees Exhibit prepared by Fannie Mae.

entitled under the terms of the Loan Documents (hereinafter, the "**Indebtedness**").

13.     As of the Petition Date, the arrearage owed to cure the defaults under the Note is not less than Twenty-Three Thousand Six Hundred Forty-Eight Dollars and Twenty-Nine Cents ($23,648.29) as follows:

| | |
|---|---:|
| Past Due Payments | $12,373.60 |
| Attorneys' Fees included in Judgment | 6,407.96 |
| Post Judgment Prepetition Fees | 0.00 |
| Pre-Judgment Interest | 976.50 |
| Post-Judgment Interest | 998.20 |
| Escrow Deficiency for Funds Advanced | 0.00 |
| Projected Escrow Shortage | 0.00 |
| Late Charges | 722.46 |
| Appraisal Fee | 450.00 |
| Post Judgment Taxes | 679.57 |
| Sale/Publication Costs | 380.00 |
| Sale Cancelation Costs | 10.00 |
| Bankruptcy Plan Review/POC Prep | 650.00 |
| **Total** | **$23,648.29** |

## Response in Support of the Motion to Dismiss

14.     On April 9, 2019, the Trustee filed her Motion to Dismiss seeking to dismiss Debtor's bankruptcy case for failure to file or provide tax returns and because the Debtor has testified that 1) since the Petition Date, he has obtained two new credit cards with a balance of approximately $500.00; 2) since the Petition Date, he withdrew $7,000.00 from his 401(k); 3) for New Year's Eve he traveled to Nashville, TN; and 4) In February 2019 he traveled to Las Vegas, NV (collectively, the "**Frivolous Spending and Unauthorized Debt**").

15.     In light of the Frivolous Spending and the Unauthorized Debt, Farm Credit supports the Trustee's Motion to Dismiss.

**Request for Bar to Refiling for 180 Days**

16.     Not only should Debtor's Chapter 13 Bankruptcy be dismissed, but Debtor's conduct should prevent him from refiling for a period of at least 180 days.

17.     Section 349 of the Bankruptcy Code provides that "[u]nless a court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

18.     Dismissal with prejudice under section 349(a) is not meant to be a remedy for every instance of debtor misconduct.  Instead, its use is more properly limited to situations where a debtor's actions constitute egregious misconduct, directly related to the bankruptcy case, which prejudices creditors or undermines the integrity of the bankruptcy system. *In re Hall*, 258 B.R. at 910-12 (citing *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997)).

19.     Somewhere in between the extremes of good faith and bad faith, there is a continuum of appropriate orders to be entered to prevent a debtor from continuing the abuse the bankruptcy process to the detriment of creditors, with sanctions becoming progressively more severe as a debtor's actions become more egregious.  *See, e.g., In re McNichols*, 254 B.R. 422 (Bankr. N.D. Ill. 2000) (case dismissed pursuant to § 349(a) with prejudice to refiling within 1 year); *In re Weaver*, 222 B.R. 521 (Bankr. E.D. Va. 1998) (dismissal with prejudice to debtor's ability to obtain discharge of a particular creditor's debt); *In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997) (affirming bankruptcy

court order forever enjoining debtor from receiving discharge on all pre-petition debts under 349(a)), *aff'd*, 171 F.3d 1219 (9th Cir. 1999).

20. The facts in this case arise to the level that the Court should bar Debtor from even refiling a bankruptcy petition for a period of at least 180 days.

21. In addition to the Frivolous Spending and Unauthorized Debt, both of which cause significant harm to creditors including Farm Credit, prior to the Petition Date, Debtor filed his bankruptcy case only two (2) days before the sheriff's sale of the Real Estate which is subject to Farm Credit's Mortgage.

22. While filing a bankruptcy to avoid a sheriff sale is common practice, the surrounding circumstances, together with the timing of the bankruptcy filing indicate that Debtor's bankruptcy filing was not filed in good faith. *See In re Tekena, USA, LLC*, 419 B.R. at 346 (finding that one of the hallmarks of "bad faith" in filing a petition is pre-petition litigation already pending in the state court between the parties.)

23. Based on the foregoing, it is clear that the case was filed for the sole purpose of needlessly delaying the sheriff's sale and not for the purpose of affording Debtor and opportunity to catch up on the payments he was behind.

24. Farm Credit further requests that any hearing set on this matter is scheduled concurrently with the Trustee's Motion to Dismiss which is currently scheduled for May 9, 2016 at 3:00 p.m.

**WHEREFORE**, Farm Credit Mid-America, FLCA respectfully requests that (i) the above captioned case be dismissed with a One Hundred Eighty (180) day bar to re-filing such that Farm Credit may sell the Real Estate at Sheriff's Sale; (ii) Farm Credit Mid-

America, FLCA be granted all other relief requested herein above; and (iii) Farm Credit Mid-America, FLCA be granted all other relief deemed just and proper by the Court.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf (27281-49)
Sarah L. Fowler (30621-49)
Mattingly Burke Cohen & Biederman LLP
155 East Market Street, Suite 400
Indianapolis, Indiana 46204
Phone: (317) 664-7136
Fax: (866) 305-5248
Wes.overturf@mbcblaw.com
Sarah.Fowler@mbcblaw.com

*Attorneys for Farm Credit Mid-America, FLCA*

## CERTIFICATE OF SERVICE

I hereby certify that on the May 3, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Patrick M. Seese
seeselawoffice@sbcglobal.net

Debra L. Miller
dmecf@trustee13.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

I hereby certify that on May 3, 2019, a copy of the foregoing document was mailed by first class mail, postage prepaid and properly addressed to the parties listed in the Service List (Matrix) attached hereto as well as to the following:

N/A

*/s/ Weston E. Overturf*
Weston E. Overturf